# WEISBROD *v.* SISSON.

---

PATENTS; INTERFERENCE; RIGHT TO MAKE CLAIMS.

In an interference relating to metal car ends, where the application of one of the parties showed that the chief object of such a structure is to construct it in sections so that there may be a speedy replacement of any damaged section, and the counts of the issue narrowly required that the sections be so disposed and connected as to form a protection against the entrance of water and dust into the car, it was *held* that the arrangement of the parts as disclosed by such party, which required the attachment of the sections by bolts and rivets, thus forbidding the making of absolutely water-tight joints, did not meet the requirement of the issue.

No. 1099. Patent Appeals. Submitted March 14, 1917. Decided April 2, 1917.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.          *Reversed.*

The facts are stated in the opinion.

*Mr. Frederick R. Cornwall* and *Mr. C. S. Butler* for the appellant.

*Mr. O. R. Barnett* and *Mr. P. H. Truman* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an interference proceeding relating to metal car ends, defined in two counts as follows:

"7. A car end comprising a series of corrugated sections of sheet metal, the corrugation of one section lying proximately at right angles to the corrugation of the other sections, the lines of separation between said sections being horizontally disposed and the sections being arranged so that a watershed is provided

on the exterior of the car, and forming a protection against the entrance of water and dust into the car through the joints between said sections.

"8. A car end comprising a series of sections of sheet metal, each of which is provided with a pressed stiffening rib or corrugation, the rib or corrugation of the intermediate section lying substantially at right angles to the ribs or corrugations of the other sections, the joints between which said sections are horizontally disposed, and said sections being arranged so that a watershed is provided on the exterior of the car, and forming a protection against the entrance of water and dust into the car through the joints between said sections."

Cross sections of the structures of the respective parties, showing the manner in which the metal sections or corrugated sheets are jointed together to form a complete car end, are illustrated by the following figures:   [See next page.]

It will be observed that the counts narrowly require the sections of the car end to be so disposed and connected as to form a protection against the entrance of water and dust into the car. If either structure fails to disclose a jointing of the parts or sections forming the car end in such a manner as will operate to prevent the water and dust from entering the car, it falls short of meeting the single requirement of the counts of the issue. In figure 2, a cross section of the Sisson device, it will be observed that sheet 34 overlaps the rib 56 at the point 36, while the sheet 35 likewise overlaps rib 56 at the point 37, leaving a joint which, unless tightly sealed, would catch water and dust and convey them into the car. In figure 1, a cross section of the Weisbrod device, sheet 2 overlaps the rib 10 at the point 3, and rib 10 in turn overlaps sheet 1 at the point 4, forming a complete watershed.

Jacob H. Weisbrod moved to dissolve the interference on the ground that Vinton E. Sisson had no right to make the claims. The Law Examiner denied the motion as to counts 1 to 6, inclusive, and granted it as to counts 7 and 8. Sisson moved to amend his application by inserting claims corresponding to the present counts of the issue, which motion was opposed by Weis-

## Sketch 1  Sketch 2

brod on the same ground as that advanced in the motion to dissolve. The amendment, however, was allowed by the Law Examiner, who held that "there is nothing in the proposed claims that limits them to preventing absolutely the entrance of all water to the interior of the car. If the corrugation acts to pre-

vent a substantial portion of the water that may run down the
end of the car from finding entrance to the interior of the car,
then the terms of the proposed claims are satisfied."

It is manifest from a casual observation that the Sisson de-
vice, unless the joints are sealed, does not meet the counts of the
issue. Turning to the application of Sisson, it appears that the
chief object of a structure of this sort is to construct it in sec-
tions in order that there may be a speedy replacement of any
section composing the ends, should it become damaged or re-
quire replacement. To this end the sections are attached
together by bolts and rivets, which forbids the making of a
water-tight joint. Any other connection would defeat the chief
object of the invention; namely, the convenient and speedy
replacement of the separate sections. If the joints are to be
sealed together, and the end thereby constructed into a single
piece, the end might better be constructed from a single corru-
gated sheet of metal. But this, like the sealed joint, would
defeat the principal object sought to be attained. It is common
knowledge that iron sheets riveted or bolted together will not
make a water-tight joint, unless overlapped from top to bottom
after the style of a shingle roof. This being true, it follows
that the arrangement of the parts as disclosed by Sisson does
not meet the issue.

The decision of the Commissioner of Patents is reversed, and
the clerk is directed to certify these proceedings, as by law re-
quired.                                          *Reversed.*